**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.C., S.C., and J.C.**

**No. 22-0225** (Nicholas County 21-JA-117, 21-JA-118, and 21-JA-119)

**MEMORANDUM DECISION**

Petitioner Father M.C., by counsel Joseph M. Mosko, appeals the Circuit Court of Nicholas County's February 25, 2022, order terminating his parental rights to E.C., S.C., and J.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Amber Hinkle, also filed a response on the children's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2021, the DHHR filed a petition alleging that petitioner abused controlled substances and engaged in domestic violence with the mother of E.C. and S.C. The DHHR further alleged that petitioner was charged with strangulation, domestic battery, and brandishing a weapon, and that the mother obtained a domestic violence protective order ("DVPO") against petitioner. In December of 2021, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated him as an abusing parent.

The circuit court scheduled the dispositional hearing for January 14, 2022, but the hearing was continued on petitioner's motion based on petitioner's psychological evaluation being scheduled for February 3, 2022. Petitioner did not appear for the psychological evaluation on

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

February 3, 2022, or the rescheduled dispositional hearing on February 23, 2022. Petitioner's counsel moved to continue the hearing for ten days and proffered that he had corresponded with petitioner the day prior but did not know why petitioner was absent. The circuit court denied the motion, finding that petitioner had "actual knowledge of today's hearing" and failed to appear without good cause. The DHHR presented evidence that petitioner failed to maintain contact with the DHHR workers and providers and that petitioner submitted to only two drug screens, one of which was positive for illicit substances. The DHHR also showed that petitioner failed to report for his psychological evaluation. The court found that petitioner failed to participate in the court process and noted that petitioner had not filed a motion for an improvement period. Ultimately, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the children's best interests to terminate petitioner's parental rights. Accordingly, the court terminated petitioner's parental rights by its February 25, 2022, order. Petitioner now appeals this dispositional order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to continue the dispositional hearing. Petitioner cites three factors that the court failed to consider in favor of granting the motion to continue: 1) Petitioner's counsel represented that he corresponded with petitioner the day before the hearing, 2) the requested continuance was for only ten days, and 3) the children had already achieved permanency with their respective mothers.

This Court has held that "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979). Additionally, this Court has held that

---

[2]According to the parties, the respective mothers were nonabusing and the children achieved permanency by remaining in their care.

[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 112 (2012) (citations omitted). Here, petitioner has failed to demonstrate any error in the proceedings below. He corresponded with counsel the day prior to the hearing yet failed to alert his counsel that he was unable to attend the hearing. As the court found, petitioner had actual knowledge of the hearing and provided no explanation for his absence. Furthermore, the court previously granted petitioner a continuance for petitioner's psychological evaluation, but he failed to attend that as well. Considering that petitioner was previously afforded a continuance, failed to attend his psychological evaluation, did not alert counsel that he would not attend the rescheduled hearing, and failed to otherwise provide an explanation for his absence, the court did not err in determining that a second continuance was unwarranted. Finally, we note that petitioner raises no assignment of error concerning the termination of his parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn